IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT WILLIAMS,** | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-15-1609 |
| v. | : |
| | : (Judge Caputo) |
| **WARDEN DAVID J. EBBERT,** | : |
| Respondent | : |

**M E M O R A N D U M**

**I.    Introduction**

Albert Williams, an inmate formerly housed at the Federal Prison Camp in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition asserts that his sentence was improperly enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), relying on *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *Johnson* was made retroactive to cases on collateral review by *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). Also pending before the Court is Mr. Williams' motions to transfer this matter to the sentencing court and motion to amend. (ECF Nos. 11, 13 - 14, and 19.)

For the reasons set forth below, the Petition will be dismissed without prejudice for lack of jurisdiction. Mr. Williams' motions for transfer and motion to amend will be denied.

---

[1] Mr. Williams is presently housed at USP-Coleman I, in Coleman, Florida.

**II.    Background and Procedural History**[2]

The sentencing court has summarized Mr. Williams' conviction and sentence as follows:

> [Williams] was charged in a one count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See* Case No. 97-009460Civ-Moore; (DE#1). The government filed a notice of intent to invoke the Armed Career Criminal Act, pursuant to 18 U.S.C. § 924(e)(1), in seeking an enhanced sentence. (*Id*.:DE#16). A jury found [Williams] guilty as charged. (*Id*.:DE#27). He was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), to 293 months in prison. (*Id*.:DE#35). The judgment was entered on the docket on June 22, 1998. (*Id*.) Thereafter, [Williams] prosecuted a direct appeal. (*Id*.:DE#36). The Eleventh Circuit affirmed his conviction on June 4, 1999, and issued its mandate on July 8, 1999. (*Id*.:DE#52).
>
> [Williams] returned to the district court less than one year later, filing his first § 2255 motion to vacate, assigned case no. 00-02452-Civ-Moore. (Cv-DE#1). A Report recommending that the motion be denied was adopted by district court

In June 2016, pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Mr. Williams filed an application with the United States Court of Appeals the Eleventh Circuit seeking leave to file a second or successive motion to vacate, set aside, or correct his final sentence under 28 U.S.C. § 2255 based on the Supreme Court's decisions in *Welch* and *Johnson*. On July 1, 2015, the Eleventh Circuit Court of appeals granted Mr. William's motion.

On July 19, 2016, Mr. Williams filed a second motion in the Southern District of Florida pursuant to 28 U.S.C. § 2255, seeking relief under *Johnson*, *supra*, and *United States v. Mathis*, ____ U.S. _____, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). *See Williams v. United*

---

[2] The Court takes judicial notice of the docket in Mr. Williams' criminal proceedings. *See United States v. Williams*, 97-0946-CR (S.D. Fl.) which is viewable via the federal judiciary's Public Access to Court Electronic Records (PACER) Service at https://www.pacer.gov/.

*States*, 1:16-cv-22914 (S.D. Fl.). On September 2, 2016, the Government filed a response to Mr. Williams' motion. (*Id*., ECF No. 13.) Mr. Williams filed a reply on September 12, 2016. (*Id*., ECF No. 14.) The motion is pending in the Southern District of Florida.

**II.    *Relevant Law***

As a general rule, a federal prisoner may challenge his conviction or sentence only by means of a motion under 28 U.S.C. § 2255 brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Prisoners who have already filed a § 2255 motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Thus, with limited exceptions, a habeas petition challenging a federal prisoner's conviction or sentence pursuant to 28 U.S.C. § 2241 may not be entertained unless a § 2255 motion would be "inadequate or ineffective" to test the legality of the petitioner's detention. *See* 28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017). In

considering what it means to be "inadequate or ineffective," the Third Circuit has stated that a federal prisoner should be permitted to seek relief under § 2241 "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Such situations are rare. The Third Circuit has applied this "safety valve" only where a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." *See Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538 (citation omitted). Section 2255(e), the safety-valve clause, "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id*. at 539.

**IV. Discussion**

It is clear from the Petition that Mr. Williams is challenging the validity of his sentence imposed by the Southern District of Florida. Thus, he must raise such a challenge in the sentencing court under 28 U.S.C. § 2255 unless he demonstrates that the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Rather, Mr. Williams' claim is focused on the alleged impropriety of his sentence, not the offense for which he was convicted. The Court therefore lacks jurisdiction to consider his Petition. *See Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (nonprecedential) ("Because [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241."). *Welch* made *Johnson* retroactive to cases on collateral review, but as noted by the Third Circuit Court of Appeals, "§ 2241 is not available for an intervening change in the sentencing laws." *Pearson v. Warden Canaan USP*, No. 15-1488, 2017 WL 1363873 (3d Cir. 2017) (nonprecedential) (citing *Okereke*, 307 F.3d at 120 - 21).

As Mr. Williams has successfully obtained permission to file a second or successive § 2255 motion raising a *Johnson* claim, which is currently before the sentencing court, the Court need not consider transferring the petition to the Eleventh Circuit Court of appeals to be treated as an application to file a second or successive 2255 motion. The Court will instead simply dismiss the petition.

An appropriate order follows.

                                        **/s/ A. Richard Caputo**
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**

**Date: August 10, 2017**